### 10894

### BEHRMANN v. BROWN

(113 S. E., 273)

CHATTEL MORTGAGES—MORTGAGE HELD TO COVER ADVANCES MADE BY MORTGAGEE.—A clause of a chattel mortgage provided that the mortgagor waived the right to require the mortgagee to apply on the mortgage any money or other thing paid to the mortgagee until the balance of any open account due the mortgagee from the mortgagor was paid. *Held* that the mortgagor intended, not only to secure the payment of the advances mentioned in the mortgage, but also the payment of any additional advances made to him by the mortgagee.

4—S. C.—122

Before MAULDIN, J., Berkeley.   Reversed.

Action by S. Behrmann against Jim Brown.  From a directed verdict for defendant the plaintiff appeals.

The facts are thus stated in the record:

This is an action in claim and delivery, brought by S. Behrmann, plaintiff, against Jim Brown, defendant.

Brown had secured advances from Behrmann; and had executed to Behrmann a chattel mortgage in the sum of $250, dated February 5, 1919, and covering the crop, as well as certain live stock, which were taken under these proceedings by the plaintiff.  The defendant had also executed to plaintiff a note and bill of sale (really a chattel mortgage), in the sum of $99, executed May 3, 1919, and covering the same property.   The chattel mortgage in question contained the following clause:

"And it is further acknowledged by me that this mort-gage, being intended to secure any balance which may be due to the said mortgagee, his administrators and assigns, when an accounting shall be had between myself and the said mortgagee, I hereby waive any right which I might otherwise have to require the said mortgagee his adminis-trators or assigns, to apply to the payment of the debt secured by this mortgage any money or other things of value which may be paid to the said mortgagee, his ad-ministrators and assigns, until after the balance due from me on any open account to the said mortgagee, his adminis-trators and assigns, shall have first been fully paid and satisfied."

The defendant obtained advances from plaintiff during the period covered by the mortgages in question, amount-ing to $697.08, all of which was kept on the books of plain-tiff as one account.   The defendant delivered to plaintiff, at various times, cotton of the value of $420, which was raised on the lands described in the mortgages, to be ap-plied against his indebtedness, without any instruction as

to its application.   Mr. Behrmann, the plaintiff, assuming
that under the clause of the mortgage above quoted he had
the right to do so, credited the payments to Brown's ac-
count (which made no distinction between the amount of
the mortgage and the excess of the advances over the face
of the mortgages), leaving a balance due of $277.08, for
which this action in claim and delivery was commenced
for the recovery of the balance of the mortgaged property.

At the close of plaintiff's testimony, defendant moved
for a directed verdict, on the ground that the testimony of
the plaintiff showed that the defendant had paid the plain-
tiff, in property covered by the mortgages, the value of
more than the face of the two mortgages.   The Court
thereupon directed a verdict for the defendant.   Within
the statutory period notice of intention to appeal was given,
and the case comes here upon the plaintiff's exceptions.

## EXCEPTIONS

*First.* Because his Honor erred in directing a verdict
for the defendant; the error consisting in this: Such
direction of verdict was tantamount to holding that, in
spite of the clause of the mortgage quoted in the "case,"
all advances in excess of the face of the mortgages con-
stituted an unsecured account, and that the delivery of
mortgaged property to plaintiff must be credited against
the face of the mortgages; whereas, he should have held
that, under the terms of the mortgages, plaintiff had the
right, to apply the value of such mortgaged property to the
credit of defendant's account, and that, so long as any
balance remained unpaid, any of the mortgaged property
not delivered to plaintiff was liable under the mortgages
for such balance.

*Second.* Because his Honor erred in directing a verdict
for defendant; such direction of verdict necessarily being
based upon the conclusion that there were two accounts,

and that any of the mortgaged property delivered to plaintiff must be applied on the mortgage debt. Whereas, he should have held that, under the clause of the mortgage quoted in the "case," the plaintiff had a right to apply "any money or other things of value," including any of the mortgaged property, to any portion of defendant's indebtedness, and that the mortgages remained of full force and · effect so long as any balance remained due, and while any of the mortgaged property remained undelivered to plaintiff.

*Third.* Because his Honor erred, in that the direction of a verdict for defendant was equivalent to holding that the value of any of the mortgaged property delivered to plaintiff must be applied towards the reduction of the face of the mortgages, and that defendant could not, or did not, waive the right of such application. Whereas, he should have held that, by the clause quoted in the "case," defendant had waived, and had a right to waive, any right which he might otherwise have had to insist upon such application; and, further, that the mortgages were given to secure any balance due to the mortgagee, and that, while any balance remained due, the lien of the mortgages attached to any portion of the mortgaged property not yet delivered to the plaintiff.

*Mr. Octavus Cohen,* for appellant, cites: *Competent to show that mortgage also secured open account:* 31 S. C., 259. *Also may be taken as security for future advances:* 16 S. C., 352; Jones Mtgs. Sec. 374; 27 S. C., 324; 17 S. C., 329; 16 S. C., Eq., 2.

*Mr. Norval N. Newell,* for respondent, cites: *Rule as to application of proceeds of mortgaged property:* 104 S. C., 508. *Mortgagee cannot recover more than penal sum recited:* 1 McC. 503; 3 McC. 112; McM. Eq., 197; 10 Rich. Eq., 155; 27 S. C., 177. ·

July 5, 1922.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

It will not be necessary to consider the exceptions in detail. It was clearly the intention of the mortgagor, not only to secure the payment for the advances made to him by the mortgagee to the aggregate amount of $250 mentioned in the chattel mortgage and the amount of $99 mentioned in the bill of sale, but likewise the payment for any additional advances made by the mortgagee to the mortgagor. Reversed.